UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY ALLEN GABELMAN,<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 2:22-cv-01725-APG-NJK<br><br>**ORDER**<br><br>(Docket No. 12) |

*Pro se* plaintiff Barry Allen Gabelman brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while he was detained at the Nye County Detention Center. Docket No. 10. On December 4, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed his claims without prejudice, and ordered him to file an amended complaint by January 9, 2022. Docket No. 9. The deadline to file an amended complaint has expired but Plaintiff did not file an amended complaint or move for an extension. Plaintiff, however, has filed a declaration in support of his now-granted IFP application, a motion for the appointment of counsel, and notice that he has been transferred to Nevada Southern Detention Center. Docket Nos. 10, 12, 13. Considering these circumstances, the Court will deny without prejudice Plaintiff's motion for appointment of counsel and will grant him an extension of time to file an amended complaint consistent with the Court's screening order.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

legal issues involved." *Id*. (quotation omitted).  "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff moves the court to find and appoint him a free attorney, arguing that his imprisonment will limit his ability to litigate and that trained counsel will perform better at trial. Docket No. 12.  Plaintiff has not articulated a colorable claim for relief, but he has demonstrated an ability to communicate the basis of his disputes to the Court.  However, the Court cannot conclude on this record that Plaintiff is likely to succeed on the merits of any claim.  The Court does not find exceptional circumstances warranting the appointment of counsel in this action.

Accordingly, for the reasons stated above,

IT IS ORDERED that the motion for appointment of counsel, Docket No. 12, is **DENIED** without prejudice.

IT IS FURTHER ORDERED that the deadline to file an amended complaint consistent with the Court's December 4, 2022, screening order is **EXTENDED to February 21, 2023.**

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice.  A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can comply with this Court's orders and file a complaint that complies with LSR 2-1.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff courtesy copies of the Court's screening order and his Complaint, Docket Nos. 9, 10.

IT IS SO ORDERED.

DATED:  January 20, 2023.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE